IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF DAVID B. CONROY, BY AND THROUGH ITS ADMINISTRATOR AD PROSEQUENDUM, JENNEY FERGUSON,<br><br>            Plaintiff,<br><br>  v.<br><br>WARDEN ROBERT BALICKI, et al.<br><br>            Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-7183 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Conrad J. Benedetto, Esq.
LAW OFFICES OF CONRAD J. BENEDETTO
1233 Haddonfield-Berlin Road, Suite 1
Vorhees, NJ 08043
    -and-
John E. Kusturiss, Jr., Esq.
LAW OFFICES OF JOHN E. KUSTURISS
323 East Front Street
Media, PA 19063
    Attorneys for Plaintiffs

Shanna McCann, Esq.
CHANCE & MCCANN, LLP
201 W. Commerce St.
Bridgeton, NJ 08302
    Attorneys for Defendant Warden Robert Balicki, Cumberland County, and Warden Richard T. Smith

**SIMANDLE, District Judge:**

I.     **INTRODUCTION**

    This matter arises out of the unfortunate suicide of David Conroy while he was detained at the Cumberland County Jail. His

sister and administrator of his estate, Jenney Ferguson, filed this lawsuit against defendants Cumberland County, Cumberland County Jail Warden Richard Smith, former Cumberland County Jail Warden Robert Balicki, CFG Health Systems, and John Doe defendants for violations of Mr. Conroy's constitutional rights, negligence, and violations of the New Jersey Civil Rights Act, N.J. STAT. ANN. § 10:6-1 et seq. ("NJCRA"). Only Defendant Balicki now moves to dismiss the claims against him. Motion to Dismiss, Docket Item 5. Plaintiff opposes the motion. Opposition, Docket Item 10. For the reasons stated herein, the motion is granted and all claims against Balicki are dismissed without prejudice.

**II. BACKGROUND**

According to the complaint, Mr. Conroy committed suicide in the Cumberland County Jail on May 29, 2017. Complaint ¶ 19. Plaintiff alleges unidentified corrections officers and representatives of CFG Health Systems failed to properly screen Mr. Conroy "for any suicidal tendencies or any other psychological and/or emotional problems" and did not properly monitor him while he was confined in the jail. *Id.* ¶¶ 16-20. The complaint further alleges Balicki, who was the warden of the jail until he retired or resigned on February 1, 2017, about four months before Mr. Conroy's death, "was responsible for the implementation of policies, procedures and/or practices that were engaged and carried out by the staff, employees, and/or

2

Corrections Officers of the Cumberland County Jail" and "was aware of, should have been aware of, and/or had actual knowledge of the pattern and culture of unconstitutional behavior and indifference, including the failure to properly screen inmates . . . . ." *Id.* ¶ 42. Plaintiff also raises state law civil rights, wrongful death, survivorship, and negligence claims.[1]

**III. STANDARD OF REVIEW**

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

---

[1] The Court exercises jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 & 1343(3) and pendent jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. *But see infra* note 4.

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.,* 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted). "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." *Id.* at 790.

**IV. DISCUSSION**

**A. Federal and State Constitutional Claims[2]**

Defendant Balicki argues the federal and state constitutional claims should be dismissed because he was not the warden of the Cumberland County Jail at time of Mr. Conroy's death due to his retirement on February 1, 2017, over three months before Mr. Conroy committed suicide on May 29, 2017. He

---

[2] "This district has repeatedly interpreted [the] NJCRA analogously to § 1983. Therefore, the Court will analyze Plaintiffs' NJCRA claims through the lens of § 1983." *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011).

4

therefore asserts he was not acting under color of state law at the time of Mr. Conroy's death.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The Supreme Court has explained, '[t]he traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."'" *Abraham v. Raso*, 183 F.3d 279, 287 (3d Cir. 1999) (quoting *West*, 487 U.S. at 49). "Balicki was plainly acting under color of state law when he was performing his duties as warden of the Cumberland County Jail." *Estate of Moore v. Cumberland Cty.*, No. 17-2839, 2018 WL 1203470, at *2 (D.N.J. Mar. 8, 2018). "Any constitutional injuries that may be attributable to Balicki must therefore stem from actions he took while he was warden, unless Plaintiff[] can show that he was acting under color of state law after his retirement, a posture the complaint does not support." *Id.*

Balicki next argues the claims must be dismissed because Plaintiff has failed to sufficiently plead his personal involvement in the alleged constitutional violations. One way a

5

policy-making official "may be liable under § 1983 [is] if he or she implements a policy or practice that creates an unreasonable risk of a constitutional violation on the part of the subordinate and the supervisor's failure to change the policy or employ corrective practices is a cause of this unconstitutional conduct." *Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 72 (3d Cir. 2011). Failure-to-train and failure-to-supervise claims "are generally considered a subcategory of policy or practice liability." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2015).

To state failure-to-train and failure-to-supervise claims, Plaintiff must identify a supervisory policy or practice that Balicki failed to employ, and provide sufficient facts that, if true, would show: "(1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure." *Id.* at 317 (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)). "Normally, an unreasonable risk in a supervisory liability case will be shown by evidence that such harm has in fact occurred on numerous occasions. Similarly,

deliberate indifference to a known risk will ordinarily be demonstrated by evidence that the supervisory official failed to respond appropriately in the face of an awareness of a pattern of such injuries." *Sample*, 885 F.2d at 1118. "[T]he level of intent necessary to establish supervisory liability will vary with the underlying constitutional tort alleged." *Barkes,* 766 F.3d at 319.

Plaintiff argues Balicki failed to respond to five past suicides at the jail. "[I]t was the policies and procedures and 'culture of unconstitutional behavior and indifference' put into place by Defendant Balicki which contributed to the unconstitutional behavior of the corrections officers and was the proximate cause of Mr. Conroy's death." Opposition at 6. "Defendant Balicki failed to implement a sufficient suicide prevention policy, screening procedures and correction officer training." *Id.* None of these facts are in the complaint.[3] Aside from the date of Mr. Conroy's death and the date Balicki left his position as warden, the complaint only contains "boilerplate allegations mimicking the purported legal standards for

---

[3] Plaintiff has included several exhibits with her opposition, including a disciplinary report; two complaint-summonses and an indictment; and a copy of an online article reporting on a press conference. The Court declines to rely on materials extraneous to the pleadings in determining whether the complaint states a claim against Balicki.

7

liability, which we do not assume to be true." *Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 74 (3d Cir. 2011).

Plaintiff also has not sufficiently pled the underlying vulnerability to suicide claim required to state a failure-to-supervise claim. "[T]he vulnerability to suicide framework is simply a more specific application of the general rule set forth in *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), which requires that prison officials not be deliberately indifferent to the serious medical needs of prisoners." *Palakovic v. Wetzel*, 854 F.3d 209, 222 (3d Cir. 2017). Regardless of whether Mr. Conroy was a pretrial detainee or convicted prisoner, the required elements of a vulnerability to suicide claim are: "(1) that the individual had a particular vulnerability to suicide, meaning that there was a 'strong likelihood, rather than a mere possibility,' that a suicide would be attempted; (2) that the prison official knew or should have known of the individual's particular vulnerability; and (3) that the official acted with reckless or deliberate indifference, meaning something beyond mere negligence, to the individual's particular vulnerability." *Id.* at 223–24. Nothing in the complaint suggests Mr. Conroy was particularly vulnerable to suicide at the time Balicki was warden and that officers were aware of that vulnerability.

Plaintiff's § 1983 and NJCRA claims will be dismissed without prejudice for failure to state a claim.

**B. State Law Claims**

Plaintiff also raises state law claims for wrongful death, survivorship, and negligence. These claims shall also be dismissed for failure to state a claim.

"Under New Jersey law, an executor or administrator may pursue an action based on 'the wrongful act, neglect, or default of another, where death resulted from injuries for which the deceased would have had a cause of action if he lived.'" *Endl v. New Jersey*, 5 F. Supp. 3d 689, 696 (D.N.J. 2014) (quoting N.J. STAT. ANN. § 2A:15-3). These claims simply "paraphrase in one way or another the pertinent statutory language or elements of the claims in question," *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016), *e.g.*, the duty, breach, causation, and damages requirements of negligence, without providing specific factual allegations for a plausible inference of Balicki's liability. These broad legal conclusions are not entitled to the presumption to truth. *Id.* These claims will also be dismissed without prejudice.[4]

---

[4] The Court also notes the complaint does not indicate whether Plaintiff complied with the notice provisions of the New Jersey Tort Claims Act for those counts to which it applies. *See* N.J. STAT. ANN. § 59:8-3. The notice requirement is "a jurisdictional precondition to filing suit." *Ptaszynski v. Uwaneme*, 853 A.2d 288, 294 (N.J. Super. Ct. App. Div. 2004) (internal quotation marks omitted). In the event Plaintiff moves to amend her complaint, she should include this information along with her factual allegations.

**C. Qualified Immunity**

Balicki has asserted a qualified immunity defense. As the Court is granting the motion to dismiss on the merits, the Court will not address that issue at this time.

**V. CONCLUSION**

For the reasons stated above, the motion to dismiss is granted for failure to state a claim against former Warden Balicki. The complaint is dismissed without prejudice, and Plaintiff may file an amended complaint to cure these pleading deficiencies as to defendant within 30 days. An appropriate order follows.

| | |
|---|---|
| **May 31, 2018** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |