IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

THE ESTATE OF DAVID CONROY, et al.,

       Plaintiffs,

    v.

CUMBERLAND COUNTY, et al.,

       Defendants.

HONORABLE JEROME B. SIMANDLE

Civil Action No.
17-7183 (JBS-AMD)

**OPINION**

APPEARANCES:

Conrad J. Benedetto, Esq.
LAW OFFICES OF CONRAD J. BENEDETTO
1233 Haddonfield-Berlin Road
Suite 1
Vorhees, NJ 08043
    -and-
John E. Kusturiss, Esq.
LAW OFFICES OF CONRAD J. BENEDETTO
1305 Chews Landing Road
Suite 21
Lauren Springs, NJ 08021
    Attorneys for Plaintiffs

Shanna McCann, Esq.
CHANCE & MCCANN LLC
201 West Commerce Street
Bridgeton, NJ 08302
    Attorney for County Defendants

Stephen D. Holtzman, Esq.
Jeffrey S. McClain, Esq.
HOLTZMAN & MCCLAIN, PC
524 Maple Avenue
Suite 200
Linwood, NJ 08221
    Attorneys for Defendant CFG Health Systems LLC

**SIMANDLE**, District Judge:

## I.   INTRODUCTION

This matter arises from the most recently-filed of six federal cases involving the unfortunate suicide death of an inmate, here David Conroy, while detained at the Cumberland County Jail.[1] In this case, Mr. Conroy's sister, Jenny Ferguson ("Plaintiff"), filed an action, as administrator of Mr. Conroy's estate and in her own right, against several defendants, including, CFG Health Systems, LLC ("CFG Health" or "CFG"), a medical health care provider at the Cumberland County Jail. As relevant here, the Complaint alleges, among other things, that CFG Health failed to properly screen Mr. Conroy for suicidal tendencies or other psychological and emotional problems and failed to properly monitor Mr. Conroy during his incarceration, which resulted in his tragic death.

Pending before the Court is CFG Health's motion for summary judgment on Plaintiff's medical malpractice/professional

---

[1] The other five cases are: <u>Estate of Megan Moore v. Cumberland County, et al.</u>, No. 17-cv-2839-RBK-KMW (D.N.J. filed on April 25, 2017); <u>Estate of Jon Leon Watson v. Cumberland County, et al.</u>, No. 16-cv-6578-JHR-AMD (D.N.J. filed on October 5, 2016); <u>Estate of David Hennis v. Cumberland County, et al.</u>, No. 16-cv-4216-JBS-AMD (D.N.J. filed on July 12, 2016); <u>Estate of Robert Wayne Lewis v. Cumberland County, et al.</u>, No 16-cv-3503-JBS-AMD (D.N.J. filed on June 16, 2016); <u>Estate of Alissa Marie Allen v. Cumberland County, et al.</u>, No. 15-cv-6273-JBS-AMD (D.N.J. filed on August 18, 2015).

negligence claims against CFG Health for failure to comply with
New Jersey's Affidavit of Merit Statute ("the AOM Statute"),
N.J.S.A. §§ 2A:53A-26 through -29, and the Patients First Act,
N.J.S.A. § 2A:53A-41. The principal issues to be determined are:
(1) whether Plaintiff's affiant, Dr. Lawrence J. Guzzardi, is an
"appropriate licensed professional" under the AOM Statute and
Patients First Act; and (2) if so, whether Dr. Guzzardi's
affidavit is sufficient as to CFG Health. For the reasons
discussed below, the Court finds that Dr. Guzzardi is an
"appropriate licensed professional" and that his affidavit is
sufficient. Accordingly, CFG Health's motion for summary
judgment will be denied.

## II.  BACKGROUND

The relevant facts are not in dispute.[2] Prior to May 29,
2017, David Conroy was incarcerated at the Cumberland County

---

[2] For purposes of the instant motion and pursuant to Local Civil
Rule 56.1, the Court looks to the Complaint when appropriate,
and CFG Health's Statement of Undisputed Material Facts [Docket
Item 25-2] and related exhibits and documents attached thereto,
including Dr. Guzzardi's Affidavit [Docket Item 25-6] and CFG
Health's Answer. [Docket Item 25-5.]

The Court notes that Plaintiff did not file a responsive
statement, as required by the Local Civil Rules. See Local Civ.
R. 56.1(a) ("The opponent of summary judgment shall furnish,
with its opposition papers, a responsive statement of material
facts, addressing each paragraph of the movant's statement,
indicating agreement or disagreement and, if not agreed, stating
each material fact in dispute and citing to the affidavits and
other documents submitted in connection with the motion. . .
."). Accordingly, the Court deems CFG Health's Statement of

Jail. [Docket Item 1 at ¶ 16.] On May 29, 2017, he was found "hanging" in his jail cell by another inmate. [Id. at ¶ 19.]

On September 18, 2017, Plaintiff initiated this law suit against Cumberland County, Warden Richard T. Smith, Former Warden Robert Balicki,[3] John Doe Corrections Officers 1-10, and CFG Health. [See generally id.] In the Complaint, Plaintiff claims that, "upon the booking of David Conroy into the Cumberland County Jail, Defendants[,] John Doe Corrections Officers 1-10, and representatives and/or employees of CFG were charged with the duty to diligently and faithfully carry out the functions of their respective jobs, training and skills and

---

Undisputed Material Facts undisputed for summary judgment purposes. See Fed. R. Civ. Pro. 56(e)(2); see also N.J. Carpenters Pension Fund v. Hous. Auth. & Urban Dev. Agency of the City of Atl. City, 68 F. Supp. 3d 545, 549 (D.N.J. 2014).

"It is well established that a court may take judicial notice of its own records." United States v. Author Services, Inc., 804 F.2d 1520, 1523 (9th Cir. 1987), overruled on other grounds, United States v. Jose, 131 F.3d 1325 (9th Cir. 1997). Accordingly, the Court also takes judicial notice of proceedings and filings in Estate of Megan Moore v. Cumberland County, et al., No. 17-cv-2839-RBK-KMW (D.N.J. filed on April 25, 2017), a case which both parties in this case have explicitly relied on and cited to [see Docket Items 48 & 55], and a case in which counsel for both parties in this case have also appeared, Mr. Benedetto for the plaintiff and Mr. Holtzman and Mr. McClain, for CFG Health Systems LLC.

[3] All claims against Former Warden Robert Balicki were dismissed without prejudice on May 31, 2018. [Docket Items 42 & 43.] Plaintiff did not file a motion for leave to amend the Complaint before July 30, 2018, the deadline set forth by Order of the Court. [Docket Item 50.] Accordingly, Former Warden Robert Balicki is no longer a party to this case.

obligations to screen Mr. Conroy, not only for physical
problems, but also to determine if Mr. Conroy presented a risk
for any psychological and/or emotional problems, including
suicide." [Id. at ¶ 17.] Plaintiff also avers that, "Defendants,
John Doe Corrections Officers 1 - 10, and representatives of
Defendant CFG failed to properly screen David Conroy for any
suicidal tendencies or any other psychological and/or emotional
problems, and also failed to properly monitor Mr. Conroy during
his incarceration. In doing so, the Defendants breached their
legal duty to maintain a safe and suitable environment, and
failed to keep David Conroy safe from injury and harm, thus
causing David Conroy's death." [Id. at ¶ 20.] According to the
Complaint, "[t]he above-described acts and omissions by
Defendants, John Doe Corrections Officers 1-10, and
representatives of CFG demonstrated a deliberate indifference
and conscious disregard for the psychological needs and overall
safety of David Conroy, of which they were aware, or with the
exercise of reasonable and appropriate care pursuant to their
respective responsibilities should have been aware." [Id. at ¶
22.]

Plaintiff asserts three claims for relief against CFG
Health: Wrongful Death (Count Five) [id. at ¶¶ 49-54]; Survival
Action (Count Six) [id. at ¶¶ 55-60]; and Negligence (Count
Seven) [id. at ¶¶ 61-64.] With respect to these claims,

Plaintiff essentially asserts that CFG Health (and the other Defendants) owed a duty to Mr. Conroy and other inmates at Cumberland County Jail "to properly screen and vet inmates for suicidal tendencies or other psychological problems, to adequately monitor inmates, and to protect inmates from injury, harm or death while in custody at the Jail," and that CFG Health (and the other Defendants) breached this duty by "fail[ing] to use the requisite standard of care for vetting, screening, monitoring and supervising inmates while in their custody and control. . . ." [Id. at ¶¶ 50-51; see also id. at ¶¶ 56-57, 62.]

On October 4, 2017, Plaintiff filed an affidavit of merit signed by Dr. Lawrence J. Guzzardi, MD. [Docket Item 6.] Based upon the records he had reviewed and his own qualifications, which are discussed in more detail below, Dr. Guzzardi opined that "there is a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment of David Conroy while at the Cumberland County jail leading to his death on or about May 29, 2017, by CFG Health Systems, LLC, by and through it's [sic] employees, agents, and/or workman [sic] fell outside the professional care and treatment standards for prison inmates." [Docket Item 25-6 at ¶ 6.]

CFG Health fired an Answer on October 20, 2017. [Docket Item 8.] The Answer included separate defenses for failure to state a claim and for failure to file an appropriate AOM.

[Docket Item 25-5 at 5-8.] As relevant here, in the Fifteenth Separate Defense, CFG Health stated:

> Defendant asserts that Plaintiff has failed to file an appropriate Affidavit of Merit for claims of professional negligence against employees of CFG who participated in the care of Plaintiff David Conroy, including: April Munson, licensed advanced practice nurse (APN); Dr. Joanne Gonzalez, PHD (psychologist); Dr. Larry Pettis general family practitioner licensed physician in the State of New Jersey; Dr. Edward Hume licensed physician and board certified psychiatrist in the State of New Jersey; Dr. Alan Dias licensed physician in the State of New Jersey and board certified in Emergency Medicine; Amanda Caroccio, a licensed registered nurse (RN) in the State of New Jersey; Kristina Smith, a licensed registered nurse (RN) in the State of New Jersey; Caryn Bryan, a licensed registered nurse (RN) in the State of New Jersey; Holly Reed, a licensed practical nurse (LPN) in the State of New Jersey; Kaitlyn O'Brien, a licensed practical nurse (LPN) in the State of New Jersey; Darlene Cochran, a licensed practical nurse (LPN) in the State of New Jersey; Sherwanda Stewart, a licensed practical nurse (LPN) in the State of New Jersey; Rita Smith, a licensed practical nurse (LPN) in the State of New Jersey; Connie Riley, a licensed practical nurse (LPN) in the State of New Jersey; Jennifer Otera, a licensed practical nurse (LPN) in the State of New Jersey; Allyce Fedd-Haris, a licensed practical nurse (LPN) in the State of New Jersey; Melissa Sammartino, a licensed practical nurse (LPN) in the State of New Jersey; and CFG Health Systems LLC for claims of vicarious liability for professional negligence by licensed persons pursuant to [the AOM Statute] and applicable case law. . . .

[Id. at 7.]

On February 20, 2018, CFG Health filed a motion for summary judgment on Plaintiff's medical malpractice/professional negligence claims against CFG Health. [Docket Item 25.] Plaintiff filed a brief in opposition [Docket Item 26] and CFG

7

Health submitted a reply brief. [Docket Item 27.] Both parties subsequently filed letters on the electronic docket [Docket Items 48 & 55], alerting the Court to certain filings and decisions in a similar case involving CFG Health that is set before the Honorable Robert B. Kugler, <u>Estate of Megan Moore v. Cumberland County, et al.</u>, No. 17-cv-2839-RBK-KMW (D.N.J. filed on April 25, 2017). The pending motions are now fully briefed and ripe for disposition. The Court decides these motions without oral argument pursuant to Fed. R. Civ. P. 78.

### III. STANDARD OF REVIEW

A purported failure to timely file a proper AOM is appropriately the subject of a motion for summary judgment under Fed. R. Civ. P. 56. As the Third Circuit has explained, "[t]hat the affidavit [of merit] is not a pleading requirement counsels that a defendant seeking to 'dismiss' an action based on the plaintiff's failure to file a timely affidavit should file a motion for summary judgment under Rule 56, and not a motion to dismiss for failure to state a claim under Rule 12(b)(6)." <u>Nuveen Mun. Trust v. WithumSmith Brown, P.C.</u>, 692 F.3d 283, 303 n.13 (3d Cir. 2012).

At summary judgment, the moving party bears the initial burden of demonstrating that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>accord</u> <u>Celotex Corp. v.</u>

_Catrett_, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made, the burden shifts to the non-moving party, who must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

A factual dispute is material when it "might affect the outcome of the suit under the governing law," and genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. The non-moving party "need not match, item for item, each piece of evidence proffered by the movant," but must present more than a "mere scintilla" of evidence on which a jury could reasonably find for the non-moving party. Boyle v. Cty. of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Anderson, 477 U.S. at 252).

**IV.  DISCUSSION**

As a preliminary matter, CFG Health agrees that Dr. Guzzardi's affidavit was timely filed. (See Def.'s Br. [Docket Item 25-9] at 12 ("Even though timely served, . . . .").) Instead, CFG Health advances two main arguments in support of its motion for summary judgment: (1) Dr. Guzzardi is not an "appropriate licensed professional" under the AOM Statute or Patients First Act (Def.'s Br. at 11-16); and (2) even if Dr. Guzzardi is a qualified affiant, his affidavit of merit is facially deficient because it fails to identify the specific

9

employees or medical personnel whose conduct allegedly fell below the appropriate standard of care. (Id. at 8-9; Def.'s Reply Br. at 7.) Plaintiff, in turn, argues that Dr. Guzzardi "is qualified through his education and experience to assess medical treatment at correctional facilities" and that the affidavit is adequate because Plaintiff need not identify specific CFG Health employees or medical personnel at this pre-discovery stage when "Dr. Guzzardi is offering his medical opinion as to the actions and failure in the standard of care of CFG **itself**." (Pl.'s Br. at 2) (emphasis added). In the alternative, Plaintiff argues it has "substantially complied" with the AOM Statute or that the doctrine of laches prohibits CFG Health from obtaining summary judgment in this matter. (Id. at 3-5.) Because the Court finds that Dr. Guzzardi is an "appropriate licensed person" and that the affidavit is sufficient as to CFG Health for the reasons explained below, the Court need not address Plaintiff's alternative arguments.

## A. CFG Health is a "Licensed Person" Under the AOM Statute and an AOM was Necessary

The AOM Statute provides that, "[i]n any action for damages for personal injuries [or] wrongful death . . . resulting from an alleged act of malpractice or negligence by a **licensed person** in his profession or occupation," an affidavit of merit ("AOM") must be furnished within the statutorily-required deadlines.

N.J.S.A. § 2A:53A-27 (emphasis added). While not considered a
"health care facility" as defined in N.J.S.A. § 2A:53A-26(j),
CFG Health is nevertheless recognized as a "licensed person"
under the AOM Statute. See Estate of Lewis v. Cumberland County,
2018 WL 1317853, at *5 (D.N.J. Mar. 14, 2018); Estate of Watson
v. Cumberland County, 2018 WL 1064208, at *3 (D.N.J. Feb. 27,
2018); Richards v. Wong, 2015 WL 4742344, at *4 (D.N.J. Aug. 10,
2015); James v. County of Middlesex, 2016 WL 4474318, at *2
(N.J. Super. Ct. App. Div. Aug. 25, 2016); see also Mora v. U.S.
Dept. of Homeland Sec. Immigration and Customs Enforcement, 2013
WL 5180041 (D.N.J. Sept. 13, 2013). Accordingly, CFG Health is
entitled to the protections of the AOM Statute, whatever they
may be as applied to Plaintiff's claims in this case.

Generally, "an AOM is not necessary to support a claim
against a firm whose employee or agent acted negligently if the
claim against the firm is solely based on a theory of vicarious
liability or agency." Mazur v. Crane's Mill Nursing Home, 117
A.3d 181, 183 (N.J. Super. Ct. App. Div. 2015). However, where a
plaintiff seeks to hold an employer "licensed person," such as
CFG Health, vicariously liable for the conduct of its employees,
an AOM will be required if the plaintiff's theory of vicarious
liability "hinges upon allegations of deviation from
professional standards of care by licensed individuals who
worked for the named defendant." 144 A.3d 1260, 1267 (N.J.

Super. Ct. App. Div. 2016). In such cases, the plaintiff
"need[s] to obtain an AOM from an expert with the same kind of
professional license as the negligent employee or agent if he or
she individually was acting within the scope of a profession
listed within the categories set forth in N.J.S.A. [§] 2A:53A-
26." Hill Intern., Inc. v. Atlantic City Bd. of Ed., 106 A.3d
487, 506 (N.J. Super. Ct. App. Div. 2014).

     The Complaint alleges, inter alia, that "representatives of
CFG" owed Mr. Conroy and other inmates a duty of reasonable care
[Docket Item 1 at ¶ 17], that "representatives of CFG" breached
that duty of reasonable care by failing to properly screen Mr.
Conroy for suicidal tendencies and/or by failing to adequately
monitor Mr. Conroy during his incarceration [id. at ¶ 20], and
that the acts and omissions of "representatives of CFG"
demonstrated a "deliberate indifference and conscious disregard
for the psychological needs and overall safety of David Conroy."
[Id. at ¶ 22.] Notwithstanding Plaintiff's argument in its
opposition brief that the allegations against CFG Health are
limited to "the actions and failure in the standard of care of
CFG **itself**" (Pl.'s Opp. Br. at 2) (emphasis added), the Court
finds no support in the Complaint that Plaintiff intends to hold
CFG Health accountable an institutional level only, rather than
vicariously liable for its employees' alleged professional
negligence. Rather, the Court finds that Plaintiff's claims

against CFG Health are premised on theories of respondeat superior or agency based on the underlying negligence or professional malpractice of certain "representatives of CFG."

The Complaint does not explicitly identify who these "representatives of CFG" might be. [See generally Docket Item 1.] This is important because, as discussed infra, allegations of medical malpractice against **physicians** (or an employer for the conduct of employee physicians) trigger the enhanced requirements of the Patients First Act. Because there is no indication anywhere in the Complaint that Plaintiff seeks to hold CFG Health vicariously liable for the alleged negligence of any employee physician, such as Dr. Alan Dias, as opposed to other non-physician employees, like CFG Health's nurses, the Court assumes for purposes of this motion that the Complaint seeks to hold CFG Health vicariously liable only for the conduct of its nurses and other non-physician "licensed professional" employees. Such treatment is consistent with this Court's decision in Estate of Moore v. Cumberland County, 2018 WL 2095593, at *1 (D.N.J. May 7, 2018) (treating plaintiff's claims against CFG Health in jail suicide case as an effort to hold CFG Health vicariously liable for the acts of its nurses).

Accordingly, under New Jersey law, the Court finds that Plaintiff was required to furnish an AOM by an "appropriate liscnesed professional" relating to allegedly-negligent nurses

and other non-physician "licensed professionals" within CFG Health's employ. Having resolved this threshold issue, the Court next turns to the qualifications of Dr. Guzzardi and the substance of his AOM.

**B.   Dr. Guzzardi is Qualified to Provide an AOM**

CFG Health challenges the qualifications of Dr. Guzzardi to be an affiant against CFG Health under both the AOM Statute, N.J.S.A. § 2A:53A-27 ("Section 27"), and the Patients First Act, N.J.S.A. § 2A 53A-41 ("Section 41"). (Def. Br. at 11-16.) The Court briefly discusses the different qualification requirements under Section 27 and Section 41, before addressing Dr. Guzzardi's own qualifications as relevant to this case.

      1.   <u>Qualification Requirements Under the AOM Statute and Patients First Act</u>

Section 27 requires that a plaintiff bringing a professional malpractice or negligence claim must:

> [P]rovide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. . . .

> In the case of an action for medical malpractice, the person executing the affidavit shall meet the requirements of a person who provides expert testimony or executes an affidavit as set forth in [Section 41]. In all other cases, the person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice

14

>substantially to the general area or specialty involved
>in the action for a period of at least five years.  The
>person shall have no financial interest in the outcome
>of the case under review, but this prohibition shall not
>exclude the person from being an expert witness in the
>case.

N.J.S.A. § 2A:53A-27. As the New Jersey Supreme Court recently

explained, Section 27 "requires no more than that the person

submitting an affidavit of merit be licensed in this state or

another and have 'particular expertise in the general area or

specialty involved in this action.'" Meehan v. Antonellis, DMD,

141 A.3d 1162, 1175 (N.J. 2016). "Such particular expertise is

'evidenced by board certification **or** by devotion of the person's

practice substantially to the general area **or** specialty involved

in the action for a period of at least five years." Id.

(emphasis in original). Notably, Section 27 "is bereft of the

rigid categories established in [S]ection 41 for those who are

general practitioners, board-certified specialists, or non-

board-certified specialists." Id.

"As part of certain 2004 tort reform measures regarding

medical malpractice actions, language was added to [Section 27]

expressly directing that medical malpractice actions be treated

in accordance with the requirements of [Section 41]." Id. at

1171. Section 41, also known as the Patients First Act, sets a

"kind-for-kind" standard of eligibility to be an AOM affiant in

a medical malpractice suit. Buck v. Henry, 25 A.3d 240, 247

(N.J. 2011).[4] In other words, Section 41 "generally require[es] that the challenging expert be equivalently-qualified to the defendant." <u>Lomando v. United States</u>, 667 F.3d 363, 382-83 (3d Cir. 2011); <u>see</u> <u>also</u> <u>Meehan</u>, 141 A.3d at 1171 ("Section 41 establishes qualifications for expert witnesses in medical malpractice actions and provides that an expert must have the same type of practice and possess the same credentials, as applicable, as the defendant health care provider, unless waived by the court.") (internal citation and quotations omitted).

Notably, the enhanced credential requirements established under Section 41 for those submitting AOMs and expert testimony apply "only to physicians in medical malpractice actions, not nurses." <u>Smolinski v. Dickes</u>, 2017 WL 1833450, at *14 (N.J.

---

[4] Section 41 sets forth three categories of people who may execute an AOM under this "kind-for-kind" rule: "(1) those who are specialists in a field recognized by the American Board of Medical Specialties (ABMS) but who are not board certified in that specialty; (2) those who are specialists in a field recognized by the ABMS and who are board certified in that specialty; and (3) those who are 'general practitioners.'" <u>Id.</u> (citing N.J.S.A. § 2A:53A-41(a),(b)).

"In a case against . . . a general practitioner [physician] . . . [Section 41(b)] requires that 'in the year immediately proceeding' the alleged malpractice, the AOM affiant must have 'devoted a majority of [the affiant's] professional time' to (1) active clinical practice as a general practitioner, or active clinical practice that includes the medical condition or procedure at issue; **or** (2) instructing students in an accredited institution 'in the same health care profession' as the defendant; or (3) both." <u>Endl v. New Jersey</u>, 2016 WL 1224133, at * 14 (D.N.J. Mar. 29, 2016) (emphasis in original).

Super. Ct. App. Div. May 8, 2017) (citing <u>Meehan</u>, 141 A.3d at 1173).[5] As discussed above, the Court construes the Complaint as alleging CFG Health was vicariously liabile with respect to its nurses and non-physician employees. Accordingly, Section 41 does not apply.

### 2. Dr. Guzzardi's Qualifications

According to Dr. Guzzardi's AOM, he is "a licensed Physician in the Commonwealth of Pennsylvania [who has] been Board certified in Emergency Medicine and Family Medicine and [is] currently Board certified in Medical Toxicology." [Docket Item 25-6 at ¶ 1.] The AOM also states that, "[i]n addition to Emergency Medicine, Family Practice and Medical Toxicology[,] in the last five years I have testified to the Standards of Care in Correctional Medicine. For the last five years I have limited my practice to Emergency Medicine and Medical Toxicology to include Correctional Care, and Substance Abuse which includes problems encountered during drug withdrawal and in the evaluation of potentially suicidal inmates." [<u>Id.</u> at ¶¶ 2-3.]

Dr. Guzzardi also maintains a litigation consulting website at <https://lawrenceguzzardi.com>, a February 15, 2018

---

[5] Psychologists, meanwhile, are not included in the list of "licensed persons" as to whom an AOM is required. <u>See</u> N.J.S.A. § 2A:53A-26. Accordingly, Plaintiff need not provide any AOM as to psychologists employed by CFG Health. <u>See</u> <u>Endl</u>, 2016 WL 1224133, at * 16; <u>Troy D. Mickens</u>, 2013 WL 3169223, at *3 (D.N.J. June 20, 2013).

screenshot of which CFG Health attached as Exhibit D to its

motion for summary judgment. [See Docket Item 25-7.] As of

February 15, 2018, Dr. Guzzardi represented on his website that

he "practices Medical Toxicology full time, which allows him to

dedicate to attorneys and insurance companies. . . . [and he]

has vast experience in a variety of fields and he makes it very

easy to arrange court testimony on a variety of subjects." [Id.]

More recently, Dr. Guzzardi's website advertised that he "is

unique in the medical field because he is both a physician and

toxicologist" and that "[h]is extensive experience with patients

makes his perspective invaluable, and his commitment to make

himself available full time for testimony shows that he is a

capable and concise witness." About Dr. Guzzardi,

https://lawrenceguzzardi.com/forensic-toxicologist.html (last

visited Sept. 19, 2018). Dr. Guzzardi's website also states that

he has been board certified in Medical Toxicology from 1980

through the present, in Emergency Medicine from 1979 through

2009, and in Family Practice from 1975-1989. Id.

On a motion for reconsideration, the Honorable Robert B.

Kugler recently found that Dr. Guzzardi was qualified to provide

an AOM in a case virtually identical to this one. Estate of

Megan Moore v. Cumberland County, 2018 WL 3455478, at *2 (D.N.J.

July 18, 2018). As Judge Kugler explained, "[t]his Court

previously expressed its skepticism that Dr. Guzzardi was

qualified; Plaintiff contends that he is." Id. In support of the

motion for reconsideration, the plaintiff attached a

supplemental certification of Dr. Guzzardi, which set forth

that:

- "Dr. Guzzardi's relevant experience and knowledge about prisons, intake-screening processes, and drug-related psychological problems;"

- Dr. Guzzardi "has written a text and prepared a videotape series to train Correctional Officers in the Screening of Inmates for Common Medical Problems under a grant from the Department of Justice;" and

- Dr. Guzzardi "has inspected correctional institutions for the Department of Justice in several states, and is an expert in the initial screening of inmates, specifically the evaluation of potentially suicidal inmates and inmates suffering from drug withdrawal."

Id. (internal citation and quotations omitted). Judge Kugler

then found that, "[w]hile the information provided by Dr.

Guzzardi in the initial AOM alone was insufficient to

demonstrate his qualifications, the supplemental facts provided

in Plaintiff's Motion for Reconsideration are enough to

recognize Dr. Guzzardi as an 'appropriate licensed person' in

the 'general area of specialty involved in the action' to

complete an AOM in the case at hand." Id.[6] The undersigned

similarly finds Dr. Guzzardi qualified to provide an AOM here.

---

[6] Judge Kugler found that plaintiff's affidavit of merit was insufficient on different grounds. See id. at *3-4.

**C.    The AOM is Sufficient as to CFG Health**

"The legislative purpose [behind the AOM Statute] was not to create a minefield of hyper-technicalities in order to doom innocent litigants possessing meritorious claims." Ferreira v. Rancocas Orthopedic Associates, 835 A.2d 779, 783 (N.J. 2003) (internal citation and quotations omitted). Rather, the AOM Statute acts as a check against "unmeritorious claims against licensed professionals," while permitting "meritorious claims to proceed efficiently through the litigation process." Meehan, 141 A.3d at 1170. In that way, the AOM requirement "is akin to Rule 11's requirement that a litigant 'stop, think, investigate and research before filing papers with the court.'" Cagnina v. Lanigani, 2018 WL 1617695, at *2 (D.N.J. Apr. 4, 2018) (quoting Gaiarado v. Ethyl Corp., 835 F.2d 479, 482 (3d Cir. 1987)).

As explained above, the Complaint seeks to hold CFG Health vicariously liable for the alleged negligence of its nurses and other non-physician "licensed persons," and not any physician employed by CFG Health. Thus, Section 27, not Section 41, governs the AOM. Plaintiff timely filed an AOM by Dr. Guzzardi, a board-certified physician who is qualified to weigh in on the conduct of nurses and other non-physician "licensed persons" in the "general area" of medical treatment at correctional facilities. See Cagnina, 2018 WL 1617695, at *4 (finding that a board-certified surgeon with over 35 years of experience in the

"general area" of the plaintiff's complaints was qualified to opine on the standard of care of nurses and physical therapists in that "general area"). Dr. Guzzardi opined that "there is a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment of David Conroy while at the Cumberland County jail leading to his death on or about May 29, 2017, by CFG Health Systems, LLC, by and through it's [sic] employees, agents, and/or workman [sic] fell outside the professional care and treatment standards for prison inmates." [Docket Item 25-6 at ¶ 6.] While far from perfect, his AOM is sufficient under New Jersey law at this pre-discovery stage.

## V.    CONCLUSION

For the reasons explained above, the Court finds that Dr. Guzzardi is a qualified affiant and that the AOM is sufficient as to CFG Health. The motion for summary judgment shall be denied. An appropriate Order will be entered.


**September 21, 2018**                    **s/ Jerome B. Simandle**
Date                                       JEROME B. SIMANDLE
                                           U.S. District Judge