IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ESTATE OF DAVID CONROY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CUMBERLAND COUNTY, et al., <br><br> Defendants. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action No. 17-7183 (JBS-AMD) <br><br> **MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

    This matter is before the Court on Defendant CFG Health Systems, LLC's ("CFG Health") motion for reconsideration [Docket Item 65] of the Court's September 21, 2018 Opinion and Order [Docket Items 62 & 63] pursuant to Local Civil Rule 7.1(i). For the reasons explained below, the Court will deny CFG Health's motion. The Court finds as follows:

    1. In this action, Plaintiff Jenny Ferguson ("Plaintiff") brings several causes of action arising from the suicide death of her brother, David Conroy, while in custody of Cumberland County Jail, including medical malpractice/professional negligence claims against CFG Health for failure to properly screen and monitor Mr. Conroy for any suicidal tendencies. [Docket Item 1 at ¶¶ 61-64.] CFG Health moved for summary judgment on these medical malpractice/ professional negligence claims for failure to comply with New Jersey's Affidavit of Merit Statute ("the AOM Statute"), N.J.S.A.

§§ 2A:53A-26 through -29, and the Patients First Act, N.J.S.A. § 2A:53A-41. [Docket Item 25.] The Court denied CFG Health's motion after finding: (1) CFG Health is a "licensed person" under the AOM Statute and an AOM was necessary pursuant to Section 27; (2) Dr. Guzzardi was qualified to provide an AOM in this case; and (3) Dr. Guzzardi's AOM was adequate as to CFG Health. Estate of Conroy v. Cumberland Cty., 2018 WL 4522043 (D.N.J. Sept. 21, 2018). CFG Health timely moved for this Court to reconsider its decision pursuant to Local Civil Rule 7.1(i). [Docket Item 65.] Plaintiff opposed the motion for reconsideration [Docket Item 71], and CFG Health filed a reply brief.[1] [Docket Item 73.]

2. Local Civil Rule 7.1 allows a party to seek a motion for reconsideration or re-argument of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." Local Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. See DeLong v. Raymond Int'l Inc., 622 F.2d 1135, 1140 (3d Cir. 1980); see also Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993).

---

[1] Defendant's reply brief was unauthorized because reply briefs are not permitted in reconsideration motions. See L. Civ. R. 7.1(d)(3). Otherwise, the reply would constitute the movant's fourth brief addressing the same issues, while plaintiff gets to submit only two.

3. To prevail on a motion for reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 848-49 (3d Cir. 2014) (citing Max's Seafood Café ex rel. Lou—Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). "The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. The word 'overlooked' is the operative term in the Rule." Andreyko v. Sunrise Sr. Living, Inc., 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (internal citations and quotation marks omitted). Mere disagreement with the Court's decision is not a basis for reconsideration. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

4. CFG Health argues that the Court "erred" in finding that Dr. Guzzardi's AOM was sufficient for Plaintiff's claims of vicarious liability against CFG Health relating to allegedly-negligent nurses and other non-physician 'licensed professionals' within CFG Health's employ. [Docket Item 65-10 at 5-12; see also

3

Docket Item 73 at 3-8.] To that end, CFG Health cites several New Jersey state court cases, including Medeiros v. O'Donnell & Naccarato, 790 A.2d 969 (N.J. Super. Ct. App. Div. 2002) and Fink v. Thompson, 772 A.2d 386 (N.J. 2001), as well as two opinions by the Honorable Robert B. Kugler in a related case, Estate of Moore v. Cumberland County, et al., No. 17-cv-2839-RBK-KMW (D.N.J. filed on April 25, 2017).

5. None of the New Jersey state court decisions cited in CFG Health's motion for reconsideration provide a basis for the Court to reconsider its decision. For example, in Medeiros, the Appellate Division observed that the AOM Statute "is silent as to any requirement that the affidavit specifically identify a defendant by name," 790 A.2d at 972, but held that:

> Here, plaintiff contends, without dispute, that O'Donnell & Naccarato is the only defendant engineer involved in the project. In the affidavit, Reeves stated that 'the practice or work that is the subject of the [c]omplaint, fell outside the acceptable professional or occupational standards of an architect and engineers as to the defendant architects and engineers, respectively.' The fair import of Reeve's affidavit is that O'Donnell & Naccarato deviated from professionally accepted standards for engineers. Thus, it was unnecessary to specifically identify O'Donnell & Naccarato as the engineering firm whose work fell outside acceptable professional standards. We caution, however, that the better practice would be for plaintiffs to identify, by name, the specific defendant alleged to have committed malpractice, so as to avoid litigation such as this and the potential for the dismissal of meritorious claims.

Id. at 973 (internal citations omitted). Similarly, in Fink, the New Jersey Supreme Court held that Section 27 "requires that a plaintiff provide an affidavit to each defendant detailing a reasonable probability that at least one claim concerning each defendant has merit." 167 N.J. at 560 (citing In re Hall, 688 A.2d 81, 87 (N.J. 1997), superseded by statute as stated in Meehan v. Antonellis, DMD, 141 A.3d 1162 (N.J. 2016)). In sum, a plaintiff must furnish an AOM, certified by an "appropriate licensed person," to each defendant named in a complaint detailing a reasonable probability that at least one claim against that defendant has merit, but neither Medeiros nor Fink require a plaintiff to, in an AOM, specifically identify by name each medical personnel who was allegedly negligent.

6. CFG Health is the only medical provider named as a Defendant in this case. [See generally Docket Item 1.] "Because there is no indication anywhere in the Complaint that Plaintiff seeks to hold CFG Health vicariously liable for the alleged negligence of any employee physician, such as Dr. Alan Dias, as opposed to other non-physician employees, like CFG Health's nurses, the Court assumes . . . that the Complaint seeks to hold CFG Health vicariously liable only for the conduct of its nurses and other non-physician "licensed professional" employees." Estate of Conroy, 2018 WL 4522043, at *4. In his AOM, Dr. Guzzardi opined:

5

> [T]here is a reasonable probability that the care, skill
> or knowledge exercised or exhibited in the treatment of
> David Conroy while at the Cumberland County jail leading
> to his death on or about May 29, 2017, **by CFG Health,
> LLC**, by and through it's [sic] employees, agents, and/or
> workman [sic] fell outside the professional care and
> treatment standards for prison inmates.

[Docket Item 6 at ¶ 6] (emphasis added). Accordingly, the AOM details a reasonable probability that at least one claim concerning the sole medical provider Defendant, CFG Health (for vicarious liability relating to allegedly-negligent nurses and other non-physician "licensed professionals" within CFG Health's employ) has merit.

7. Likewise, the Court did not "err" by reaching a determination contrary to Judge Kugler's decisions in Estate of Moore.[2] Like Judge Kugler, the undersigned initially determined that Dr. Guzzardi was an "appropriate licensed person in the general area of specialty involved in the action to complete an AOM in the case at hand." Estate of Conroy, 2018 WL 4522043, at *7 (quoting Estate of Moore, 2018 WL 345478, at *2) (internal quotation marks omitted)). The undersigned next found that the AOM Statute and New Jersey law require a plaintiff, in a case such as this, "to furnish an AOM by an 'appropriate licensed professional'

---

[2] "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." Camreta v. Greene, 563 U.S. 692, 709 n.7 (2011) (internal citation omitted).

relating to allegedly-negligent nurses and other non-physician 'licensed professionals' within CFG Health's employ." Id. at *5. Ultimately, for the reasons stated above, and in this Court's prior decision, the Court concluded that, "[w]hile far from perfect, [Dr. Guzzardi's] AOM is sufficient under New Jersey law at this pre-discovery stage." Id. at *7.

8. Simply, CFG Health has not pointed to any intervening change in controlling law, new evidence that was not available when the court rendered its decision, or a need to correct a clear error of law or to prevent manifest injustice with respect to the sufficiency of Plaintiff's AOM for claims of vicarious liability against CFG Health. Accordingly, the motion for reconsideration will be denied on this basis.

9. In its (unauthorized) reply brief, CFG Health also argues that the Court erred in finding Dr. Guzzardi "qualified" under the AOM Statute. [Docket Item 73 at 8-11.] Specifically, CFG Health takes issue with the fact that the Court relied upon a certification filed by Dr. Guzzardi in Estate of Moore that was "vague and misleading" and "fails to mention that [Dr. Guzzardi] has not treated patients for 20 years" and "does not mention that [Dr. Guzzardi's] 'practice' is as an expert witness." [Id. at 11.] According to CFG Health, both Judge Kugler and the undersigned mistakenly recognized Dr. Guzzardi as an "appropriate licensed person" in the context of these suicide cases. [Id.]

7

10. The AOM Statute "requires no more than that the person submitting an affidavit of merit be licensed in this state or another and have 'particular expertise in the general area or specialty involved in this action.'" Meehan, 141 A.3d at 1175. "Such particular expertise is 'evidenced by board certification **or** by devotion of the person's practice substantially to the general area **or** specialty involved in the action for a period of at least five years." Id. (emphasis in original). Notably, Section 27 "is bereft of the rigid categories established in [S]ection 41 for those who are general practitioners, board-certified specialists, or non-board-certified specialists." Id. This case, of course, applies Section 27 to malpractice of nurses rather than Section 41 pertaining to malpractice of medical doctors. See Estate of Conroy, 2017 WL 4522043, at *4-5.

11. The Court has determined that Dr. Guzzardi is qualified to weigh in on the conduct of nurses and other non-physician "licensed persons" in the "general area" of medical treatment at correctional facilities, id. at *7, and CFG Health fails to identify any intervening change in controlling law, new evidence that was not available when the court rendered its decision, or a need to correct a clear error of law or to prevent manifest injustice that warrant a reconsideration of that decision. The depth and currency of Dr. Guzzardi's qualifications may influence the weight accorded to his testimony if he is designated as a trial

expert, and indeed any expert testimony at trial must satisfy the requirements of Fed. R. Civ. P. 702 & 703; but his experience and field of medical practice suffice to meet the AOM requirements for this Section 27 case. Thus, the Court will deny CFG Health's invitation to reconsider the September 21, 2018 Opinion and Order on this basis.

12. In sum, CFG Health fails to meet the standard for reconsideration and its motion is denied. The accompanying Order will be entered.

**January 29, 2019**             **s/ Jerome B. Simandle**
Date                                JEROME B. SIMANDLE
                                       U.S. District Judge